**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALEXANDRU CIUMAC,

     Petitioner,

v.

                                 Case No. 2:26-cv-00870-MIS-JMR

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office,
Immigration and Customs Enforcement;
TODD LYONS, Acting Director,
Immigration and Customs Enforcement;
SECRETARY, U.S. Department of
Homeland Security; and ATTORNEY
GENERAL of the United States,

     Respondents.

## ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

THIS MATTER is before the Court on Petitioner Alexandru Ciumac's pro se Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed March 23, 2026. Therein, Petitioner requests, inter alia, an order instructing Respondents to release him from detention and "reasonable costs and attorney's fees[.]" Id. at 12.

On March 24, 2026, the Court issued an Order to Show Cause and Enjoining Transfer, ECF No. 4, which instructs that Respondents "shall respond to the Petition and show cause why the requested relief should not be granted" within ten business days. Id. at 2. The Order reminds Respondents "that this Court has already decided certain issues presented by the Petition and granted the relief Petitioner requests here[,]" id. (citations omitted), and instructs that "[a]ny

response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings[,]" id. at 3.

On April 7, 2026, the federal Respondents filed a Response to the Petition. ECF No. 6. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Resp. at 2-3. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond

2

hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

The Court denies Petitioner's request for an award of attorneys' fees and costs under the EAJA, as "attorney fees are not available for pro se litigants under the EAJA [Equal Access to Justice Act]." Demarest v. Manspeaker, 948 F.2d 655, 655 (10th Cir. 1991). And although Petitioner paid the $5.00 filing fee for habeas petitions, see ECF No. 2, the Court will not require Respondents to reimburse Petitioner for that payment.

Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order;

2. Respondents are **ORDERED** to immediately release Petitioner Alexandru Ciumac from custody/detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Petitioner's request for attorneys' fees and costs is **DENIED**;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE